Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Filiberto Breceda, Raquel Chairez-Nava, Ana Corral, Bryseida Hernandez, Miguel Nava, Abilio Soto, <br><br>      Plaintiffs, <br><br>   vs. <br><br> All Rogel Construction LLC, an Arizona corporation, and Jose R. Corona, an individual, <br><br>      Defendants. | Case No. _____ <br><br> **COMPLAINT** |

Plaintiffs Filiberto Breceda, Raquel Chairez-Nava, Ana Corral, Bryseida Hernandez, Miguel Nava, Abilio Soto, hereby allege in support of their Complaint against Defendants All Rogel Construction LLC and Jose R. Corona, as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"), A.R.S. §23-350, *et seq.*

2. Plaintiffs contend that Defendants failed to compensate Plaintiffs for

all hours of work and failed to compensate Plaintiff the overtime rate for certain time periods in which they worked more than forty hours in a workweek, thereby depriving Plaintiffs of compensation to which they are entitled.

3. Plaintiffs seek backpay for nonpayment and underpayment of wages and overtime, liquidated damages, attorney's fees and costs, and other relief available under the FLSA, AWA, AMWA, and any other applicable law.

**PARTIES**

4. Plaintiff Filiberto Breceda was at all times relevant to this matter a resident of Maricopa County, Arizona.

5. Plaintiff Raquel Chairez-Nava was at all times relevant to this matter a resident of Maricopa County, Arizona.

6. Plaintiff Ana Corral was at all times relevant to this matter a resident of Maricopa County, Arizona.

7. Plaintiff Bryseida Hernandez was at all times relevant to this matter a resident of Maricopa County, Arizona.

8. Plaintiff Miguel Nava was at all times relevant to this matter a resident of Maricopa County, Arizona.

9. Plaintiff Abilio Soto was at all times relevant to this matter a resident of Maricopa County, Arizona.

10. Defendant All Rogel Construction LLC ("All Rogel") is an Arizona corporation providing construction services in Maricopa County, Arizona and throughout the State of Arizona.

11. Defendant Jose R. Corona was at all times relevant to this matter owner of Defendant All Rogel, and in that capacity he exercised operational control in the business operations of Defendant All Rogel, including determining employment practices, work schedules and pay rates, and exercising authority to hire and fire employees.

12. At all relevant times Defendants All Rogel and Jose R. Corona were

employers as defined under 29 U.S.C. 203(d), A.R.S. §23-350(3), and A.R.S. §23-362(B).

## JURISDICTION AND VENUE

13. Jurisdiction over Plaintiffs' federal law claims is conferred on this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

14. Jurisdiction over Plaintiffs' state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the acts, events, or omissions giving rise to Plaintiffs' claims occurred in whole, or in part, in Maricopa County, Arizona.

## FACTUAL BACKGROUND

16. Plaintiffs were full-time employees of Defendants performing work as Drywall Finishers.

17. During their employment with Defendants, Plaintiffs would work 8 hour shifts Monday through Friday, not including unpaid breaks for lunch.

18. On occasion Plaintiffs would work an additional 8 hour shift on Saturdays.

19. Throughout their employment, Defendants never paid Plaintiffs the applicable overtime premium rate when they worked more than 40 hours in a given work week.

20. During their employment with Defendants, Plaintiffs would receive payment at the end of the work week (Friday or Saturday), or early the following work week.

### Plaintiff Filiberto Breceda

21. Plaintiff Breceda was earning $25.00 per hour during the relevant time period.

22. Plaintiff Breceda did not receive any payment for work performed between April 18, 2022 and May 13, 2022.

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

23. Not including the overtime premium he is owed for weeks in which he worked more than 40 hours, Plaintiff Breceda estimates he is owed $800.00 for the week of April 18, 2022; $1,200.00 for the week of April 25, 2022; $575.00 for the week of May 2, 2022; and, $500.00 for the week of May 9, 2022.

24. Plaintiff Breceda estimates he accrued approximately 48 hours of unpaid overtime between January and May 2022.

**Plaintiff Raquel Chairez-Nava**

25. Plaintiff Chairez-Nava was earning $21.00 per hour during the relevant time period.

26. Plaintiff Chairez-Nava estimates she accrued approximately 80 hours of unpaid overtime between June and September 2021.

**Plaintiff Ana Corral**

27. Plaintiff Ana Corral was earning $23.00 per hour during the relevant time period.

28. Plaintiff Corral did not receive any payment for work performed her final week of work on behalf Defendants, which occurred sometime around June or July 2022.

29. Not including the overtime premium she is owed for the weeks in which she worked more than 40 hours, Plaintiff Corral estimates she is owed $1,200.00 for her final week of work on behalf Defendants.

30. Plaintiff Corral estimates she accrued approximately 48 hours of unpaid overtime between May and July 2022.

**Plaintiff Bryseida Hernandez**

31. Plaintiff Hernandez was earning $16.00 per hour during the relevant time frame.

32. Plaintiff Hernandez did not receive payment for work performed between April 18, 2022 and May 13, 2022.

33. Not including the overtime premium she is owed for weeks in which

she worked more than 40 hours, Plaintiff Hernandez estimates she is owed $500.00 for the week of April 18, 2022; $512.00 for the week of April 25, 2022; $496.00 for the week of May 2, 2022; and, $560.00 for the week of May 9, 2022.

34. Plaintiff Hernandez estimates she accrued approximately 16 to 24 hours of unpaid overtime between January and May 2022.

### Plaintiff Miguel Nava

35. Plaintiff Nava was earning $25.00 per hour during the relevant time frame.

36. Plaintiff Nava did not receive payment for work performed between April 25, 2022 and May 27, 2022.

37. Not including the overtime premium he is owed for weeks in which he worked more than 40 hours, Plaintiff Nava estimates he is owed $1,200.00 for the week of April 25, 2022; $1,000.00 for the week of May 2, 2022; $1,000.00 for the week of May 9, 2022; $1,000.00 for the week of May 16, 2022; and $1,000.00 for the week of May 23, 2022.

38. Plaintiff Nava estimates he worked 48 to 55 hours each week from the time he began his employment in February 2020 until he resigned in May 2022.

### Plaintiff Abilio Soto

39. Plaintiff Soto was earning $25.00 per hour during the relevant time frame.

40. Plaintiff Soto did not receive payment for work performed between April 18, 2022 and May 5, 2022.

41. Not including the overtime premium he is owed for weeks in which he worked more than 40 hours, Plaintiff Soto estimates he is owed $800.00 for the week of April 18, 2022; $1,000.00 for the week of April 25, 2022; and, $400.00 for the week of May 2, 2022.

42. Plaintiff Soto stimates he worked 45 to 48 hours each week from the time he began his employment in January 2022 until he resigned in May 2022.

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

43. Upon information and belief, Defendants knew or should have known that Plaintiffs did not receive any wages for certain work time.

44. Upon information and belief, Defendants knew that Plaintiffs and other employees were not receiving the corresponding overtime premium rate when they worked more than 40 hours in a work week.

45. Prior to and during the applicable statutory period Defendants implemented policies and practices that Defendants knew or should have known would violate Plaintiffs' rights under the FLSA, AMWA, and AWA.

46. Prior to and during the applicable statutory period Defendants knowingly and intentionally failed to take any action to prohibit or monitor the accrual of unpaid wages and overtime.

## FIRST CAUSE OF ACTION
## FLSA-Minimum Wages

47. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

48. By failing to pay Plaintiffs at all for certain hours of work, Defendants violated their rights under the FLSA, including but not limited to, 29 U.S.C. §206.

49. Defendants' failure to pay Plaintiffs for all hours of work was knowing, willful, and in reckless disregard of their rights under the FLSA.

## SECOND CAUSE OF ACTION
## FLSA-Unpaid Overtime

50. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

51. By failing to pay Plaintiffs one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours per work week, Defendants violated their rights under the FLSA, including but not limited to 29 U.S.C. §207.

52. Defendants' failure to pay Plaintiffs one-and-a-half times their regular hourly rate for all hours worked in excess of 40 hours per work week was knowing,

Hernandez Law Firm, PLC
361 E. Coronado Rd.
Phoenix, Arizona 85004
602.753.2933

willful, and in reckless disregard of their rights under the FLSA.

## THIRD CAUSE OF ACTION
## AMWA-Minimum Wages

53. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

54. By failing to pay Plaintiffs at all for certain hours of work, Defendants violated their rights under the AMWA, including but not limited to, A.R.S. §23-363.

55. Defendants' failure to pay Plaintiffs for all hours of work was knowing, willful, and in reckless disregard of their rights under the AMWA.

## FOURTH CAUSE OF ACTION
## AWA-Unpaid Wages

56. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if specifically set forth herein.

57. By failing to pay Plaintiffs all wages and other compensation, Defendants violated their rights under the AWA.

58. Defendants' failure to pay Plaintiffs' wages was willful and in bad faith.

59. As a result of the conduct described herein, Plaintiff is entitled to treble damages pursuant to A.R.S. §23-355(A).

**WHEREFORE**, Plaintiffs prays for relief against Defendants as follows:

A. Award Plaintiffs backpay for nonpayment and underpayment of wages and overtime;

B. Award Plaintiff treble damages under the AWA in an amount equal to their unpaid wages;

C. Award Plaintiff double or liquidated damages under the AMWA and FLSA in an amount equal to their unpaid wages and overtime;

D. Order Defendants to pay reasonable attorney's fees and costs;

E. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

F. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

G. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiffs.

## JURY DEMAND

Plaintiffs request a jury trial.

Respectfully submitted this 21st day of April 2023.

**Hernandez Law Firm, PLC**

By: /s/ Isaac P. Hernandez
Isaac P. Hernandez
*Attorney for Plaintiffs*